IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN MAHONEY**, On Behalf of Himself and All Others Similarly Situated<br><br>v.<br><br>**HERR FOODS INCORPORATED** | **CIVIL ACTION**<br>No. 19-5759 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                             **April 24, 2020**

## I.      Introduction

John Mahoney ("Plaintiff") is blind and visually impaired. To use the Internet, he requires screen-reading software. Plaintiff alleges that Herr Foods Incorporated ("Defendant") violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, because it has not made its website compatible with computer screen reading technology. Plaintiff seeks declaratory and injunctive relief on behalf of himself and all others who are similarly situated.

Currently before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The issue is whether Defendant's website is a "place of public accommodation" within the meaning of the ADA such that the statutory protections afforded to disabled persons such as Plaintiff are available. For the reasons that follow, Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.

## II.     Factual and Procedural Background

The factual background is drawn from the allegations in the Complaint. The Court takes the facts alleged by Plaintiff as true and construes them in his favor, as is required at the motion to dismiss stage. Phillips v. Cty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008).

1

Plaintiff, who is blind and visually impaired, uses screen-reading software to access website content on his computer. (ECF 1, Compl. ¶ 25.) He alleges that Defendant, a Pennsylvania snack food company, maintains a website[1] that he is not able to access or enjoy. (Compl. ¶¶ 24, 26.) Plaintiff "has attempted to use Defendant's Website at least once in the past," but was denied the benefit of its content because of Defendant's "failure to build [the] Website in a manner that is compatible with screen reader programs . . . ." (Compl. ¶ 26.) Plaintiff alleges that he "would like to, and intends to, attempt to access [Defendant's] Website in the future to research the services the Website offers, or to test the Website for compliance with the ADA." (Compl. ¶ 28.)

On December 6, 2019, Plaintiff filed his Complaint in this Court on behalf of himself and all other similarly situated individuals seeking injunctive and declaratory relief for Defendant's alleged violations of the ADA.[2] (ECF 1.) Defendant filed the instant Motion to Dismiss on January 14, 2020. (ECF 3.) Plaintiff responded in opposition on January 28, 2020, (ECF 4), and Defendant replied in support on January 31, 2020, (ECF 5.)

## III. Standard of Review

In considering a motion to dismiss under Rule 12(b)(6), the court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). The Supreme Court has instructed that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

---

[1] The website, which is available at www.herrs.com, will be referred to as "Defendant's Website."
[2] The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2

Iqbal explained that although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

**IV.   Discussion**

The Motion to Dismiss raises two issues. First, Defendant argues that Plaintiff's claim fails as a matter of law and must be dismissed pursuant to Rule 12(b)(6). (ECF 3-1, Motion to Dismiss at 2–4.) Second, Defendant argues that the Complaint should be dismissed with prejudice since it would be futile to give Plaintiff leave to amend. (Id. at 4–6.)

The Court (A) finds that the facts pleaded in the Complaint do not justify subjecting Defendant's Website to the ADA and (B) grants Plaintiff leave to amend the Complaint as warranted by the facts and applicable law.

**A.    Plaintiff Has Not Alleged Facts Sufficient to Subject Defendant's Website to the Requirements of the ADA**

The ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases . . . or operates a place of public accommodation." 42 U.S.C. § 12182(a). Resolving Defendant's Motion requires the Court to apply the statutory term "place of public accommodation" to a website. Because (1) Defendant's Website, by itself, is not a public accommodation and (2) Plaintiff has

not alleged a nexus between Defendant's Website and Defendant's physical location, the Complaint fails as a matter of law.

### 1. Defendant's Website, On Its Own, Is Not a "Public Accommodation"

Judges are split on the question of whether the term "public accommodation" requires a *physical* place or location. See Peoples v. Discover Fin. Servs., Inc., 387 F. App'x 179, 183 (3d Cir. 2010) (describing split amongst courts of appeals). Some courts apply the ADA to a good or service regardless of whether the service or privilege is connected to a physical location. See, e.g., Carparts Distribution Ctr., Inc. v. Auto. Wholesaler's Ass'n of New England, 37 F.3d 12, 19 (1st Cir. 1994) (finding that establishments of "public accommodation" are not "limited to actual physical structures"). These courts generally invoke Congress's intent to ensure that people with disabilities have access to the same services enjoyed by people who are not disabled. See Morgan v. Joint Admin. Bd., Ret. Plan of the Pillsbury Co. & Am. Fed'n of Grain Millers, AFL-CIO-CLC, 268 F.3d 456, 458 (7th Cir. 2001) ("The site of the sale is irrelevant to Congress's goal of granting the disabled equal access to sellers of goods and services.").

Other courts, including the Third Circuit, have concluded that an actual, physical location is necessary. See, e.g., Ford v. Schering-Plough Corp., 145 F.3d 601, 612 (3d Cir. 1998) ("The plain meaning of Title III is that a public accommodation is a place . . . ."); see also Peoples, 387 F. App'x at 183 ("Our court is among those that have taken the position that the term ["public accommodation"] is limited to *physical* accommodations." (emphasis added)). These courts reason that all of the entities enumerated as examples of public accommodations in 42 U.S.C. § 12181(7) refer to physical places. See Ford, 145 F.3d at 612 (noting that requiring a physical location "is in keeping with the host of examples of public accommodations provided by the ADA, all of which refer to places"). Even though a physical place or location is required, the Third

Circuit has held that a good or service provided by a public accommodation can be covered by the ADA as long as there is "some nexus between the services or privileges denied and the physical place . . . ."  Menkowitz v. Pottstown Mem'l Med. Ctr., 154 F.3d 113, 122 (3d Cir. 1998).

Courts in the Eastern District of Pennsylvania have interpreted the Third Circuit's instruction that public accommodations are limited to physical places (or services with a nexus to a physical location) to mean that a website, on its own, is not a public accommodation within the meaning of the ADA.  See, e.g., Mahoney v. Bittrex, Inc., No. 19-3836, 2020 WL 212010, at *2 (E.D. Pa. Jan. 14, 2020) (Kenney, J.) ("A website, by itself, is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA."); Walker v. Sam's Oyster House, LLC, No. 18-193, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018) (DuBois, J.) ("A website is not a physical location and therefore does not constitute a place of public accommodation under Section 12182(a) of the ADA."); see also Tawam v. APCI Fed. Credit Union, No. 18-122, 2018 WL 3723367, at *6 (E.D. Pa. Aug. 6, 2018) (Leeson, J.) (citing statutory definition of "public accommodation" in support of conclusion that the defendant's physical location, rather than its website, was the place of public accommodation).

Plaintiff does not attempt to distinguish Mahoney, Walker, or Tawam.  Instead, he points to two cases out of the Western District, both authored by Judge Schwab, to support his position that Defendant's Website itself constitutes a public accommodation.  See West v. DocuSign, Inc., No. 19-501, 2019 WL 3843054, at *4 (W.D. Pa. Aug. 15, 2019) (concluding that the defendant's argument that a website is not a public accommodation under the ADA is "not supported" by Third Circuit precedent); Gniewkowski v. Lettuce Entertain You Enters., Inc., 251 F. Supp. 3d 908, 918 (W.D. Pa. 2017) (finding that because the defendant owned, operated, and controlled its website, Ford and Peoples were distinguishable such that the plaintiff sufficiently pleaded disability

discrimination under the ADA). This Court reads Ford to foreclose the conclusion that a website on its own is a public accommodation, and therefore Plaintiff's analogy to West and Gniewkowski fails.

The unmistakable language of the Third Circuit's decisions in Ford and Peoples compels the conclusion that Defendant's website, on its own, is not a public accommodation under the ADA. The law of this Circuit is that a physical place or location (or a nexus to a physical place or location) is required. See Ford, 145 F.3d at 613 (limiting "public accommodation" to physical places). Peoples explicitly declined to "clarify or reconsider" the holding in Ford or expand it to "include things other than physical places," reasoning that a subsequent panel is bound by a published decision of a prior panel. 387 F. App'x at 183. Just as the Third Circuit's internal operating procedures required the Peoples panel to follow the decision in Ford, the principle of stare decisis obligates this Court to follow Ford's holding that the ADA applies only to physical places. See Mahoney, 2020 WL 212010, at *3 ("Because the Third Circuit has not extended the ADA's protections to websites beyond the nexus requirement, this Court cannot."). Applying that principle means Defendant's website, on its own, is not a public accommodation.

### 2. The Complaint Does Not Allege a "Nexus" Between Defendant's Website and a "Public Accommodation"

For Defendant's Website to be subject to the ADA, it must bear some "nexus" to a physical place of public accommodation. Menkowitz, 154 F.3d at 120. Compare id. at 122 (concluding that the nexus requirement was easily satisfied because the plaintiff's employer, a hospital, allegedly suspended his treatment privileges on the basis of his disability, which meant that the plaintiff could "no longer enjoy the hospital's physical facilities in providing the necessary medical and consulting services to his patients"), with Ford, 145 F.3d at 613 (finding no nexus between insurance benefits and the insurer's physical office). To establish a nexus, Plaintiff must allege

"an injury suffered in relation to the place of public accommodation." Walker, 2018 WL 4466076, at *2.

Plaintiff fails to satisfy the nexus requirement because he does not identify any place of public accommodation associated with Defendant. Aside from vague references to Defendant's "branches," (Compl. ¶ 17), and to Defendant's "store locations," (Compl. ¶ 30), the Complaint does not pinpoint any actual location maintained by Defendant that Plaintiff seeks to utilize. Plaintiff's opposition brief identifies "Herr's Snack Factory and Visitor's Center in Nottingham, Pennsylvania" as a physical location, (ECF 4, Opposition at 2), but naming a physical location in an opposition brief is not the same as identifying it in a pleading. See Commonwealth of Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (internal quotation marks and citations omitted)); Hammond v. City of Phila., No. 00-5082, 2001 WL 823637, at *2 (E.D. Pa. June 29, 2001) (Waldman, J.) ("A party may not rely on new facts in submissions in response to a motion to dismiss to defeat the motion."). Because the Complaint does not identify Herr's Snack Factory or any other physical location, Plaintiff has not alleged a public accommodation. Without an allegation of a physical place or location, there can be no "nexus" with Defendant's website. See Mahoney, 2020 WL 212010, at *3 (dismissing the complaint because the plaintiff did not allege that the defendant's website shared a nexus with a place of public accommodation and the defendant contended that no physical places existed).

In sum, the Complaint fails to state a claim because all Plaintiff alleges is that he was unable to access Defendant's Website. A nexus between Defendant's Website and a physical location is required, and because Plaintiff has not identified any physical place or pleaded facts establishing such a connection, the Complaint must be dismissed.

### B.     Plaintiff Is Granted Leave to Amend

The Third Circuit has instructed that "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." Phillips, 515 F.3d at 245.  In line with the "liberal" policy favoring leave to amend embodied in Rule 15, Plaintiff will have thirty days to amend his Complaint.[3]  Spartan Concrete Prods., LLC v. Argos USVI, Corp., 929 F.3d 107, 115 (3d Cir. 2019).

## V.     Conclusion

Defendant's Motion to Dismiss is granted and Plaintiff's Complaint is dismissed without prejudice.  Plaintiff may amend his Complaint to cure the deficiencies outlined in this Memorandum within thirty (30) days.

An appropriate Order follows.

O:\CIVIL 19\19-5759 Mahoney v. Herr Foods\19cv5759 Memorandum re Motion to Dismiss

---

[3] The Complaint does not identify a physical place of public accommodation, which is why Defendant's Motion to Dismiss is granted.  The Court notes, but will not address, the arguments raised by Defendant regarding Plaintiff's inability to allege facts that would permit the Court to find a concrete injury. (Motion to Dismiss at 4–6.)  If Plaintiff files an amended complaint, it must allege facts that support standing.